```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Brian Croniser, et al.,         :

      Plaintiffs,          :

  v.                            :         Case No. 2:16-cv-108

                                :

REDBACK Energy Services, LLC,     Magistrate Judge Kemp

      Defendant.           :

## ORDER

The parties have filed a joint motion for an approval of settlement.  By order dated January 13, 2017, they were directed to submit additional information to allow the Court to complete its task of reviewing the fairness of the settlement.  On January 27, 2017, the parties filed their supplemental information.  For the following reasons, the Court will approve the settlement agreement.

As the Court previously stated:

> This case was filed by Brian Croniser, Eric Kemp, and Travis Roberts under the Fair Labor Standards Act, 29 U.S.C. §216.  All three of the plaintiffs were employed by defendant REDBACK Energy Services LLC. According to the complaint, over the course of the preceding two years, Mr. Croniser was employed as a supervisor, a field supervisor, and a shop foreman; Mr. Roberts was employed as a supervisor and field supervisor; and Mr. Kemp was employed as a field supervisor and dispatch/asset control manager.  All three plaintiffs allege that they were not paid at an overtime pay rate for all hours worked over forty hours in each workweek.  The complaint alleges that plaintiffs each worked approximately 80 hours per week. Further, the complaint states that, in addition to their annual salaries, REDBACK paid plaintiffs various other forms of compensation, including day rates, bonuses, and commissions.  According to plaintiffs, these other forms of compensation were not gifts or discretionary bonuses but were designed to pay

>   plaintiff for their services, and to encourage their
>   retention, superior performance, productivity and work
>   quality.  As such, plaintiffs assert, these amounts
>   must have been included in their regular pay rates for
>   purposes of determining the appropriate overtime pay
>   rate.  Plaintiffs contend that they did not qualify for
>   an exemption for overtime pay and that REDBACK's
>   failure to pay them at an overtime rate violated the
>   FLSA and Ohio law.
>
>   The initial pretrial conference was held in this
>   case on May 3, 2016.  The parties then engaged in
>   discovery and, according to their joint motion (Doc.
>   25), reached a settlement after what they describe as
>   "substantial negotiations and upon reviewing hundreds
>   of pages of records related to Plaintiff's wage-and-
>   hour claims."

Further, as previously explained, the Court has spoken to the factors which govern a motion to approve an FLSA settlement. As the Court said in Gentrup v. Renovo Services, LLC, 2011 WL 2532922, *2 (S.D. Ohio June 24, 2011),

>   The Sixth Circuit has identified a number of factors to
>   aid the court in determining whether a class action
>   settlement is "fair, reasonable and adequate."
>
>   These factors are also considered in determining
>   whether the settlement of FLSA claims is "fair and
>   reasonable."The factors cited by the Circuit include:
>   (1) the risk of fraud or collusion; (2) the complexity,
>   expense and likely duration of the litigation; (3) the
>   amount of discovery completed; (4) the likelihood of
>   success on the merits; (5) the opinion of class counsel
>   and representatives; (6) the reaction of absent class
>   members; and (7) public interest in the settlement.

(citations omitted).  Additionally, when a settlement agreement includes an award of attorneys' fees, such fees must be reasonable.  Clevenger v. JMC Mechanical, Inc., 2015 WL 12681645 (S.D. Ohio Sept. 25, 2015)(citations omitted).

The parties' original motion affirmatively stated that the settlement is the product of bargaining rather than fraud and collusion; that the litigation involves significant disputes as

-2-

to liability; that certain plaintiffs' probability of success is "moderate" on the asserted wage claims; that REDBACK "strenuously disputes" the probability of any success and "strongly believes" that both payments made to plaintiffs and plaintiffs' duties rendered them exempt under certain exemptions; that the bottom of plaintiffs' recovery range is no recovery at all; and that counsel agree that this settlement is reasonable.

In its previous order, the Court noted that the primary information missing from the parties' motion was any comparison of the settlement amount to plaintiffs' actual overtime claims. The parties' supplemental information sets forth the comparison and explains that the following issues contributed to the difference between the plaintiffs' claims and the settlement amount.  First, REDBACK contends that the plaintiffs are exempt from overtime compensation under either the administrative or highly compensated employee exemption because they were supervisors and not merely manual laborers in the field. Further, the plaintiffs contend that they worked 80 hours per week but REDBACK contends that the amount was "much, much less." Additionally, all parties agree that REDBACK paid bonuses to the plaintiffs but REDBACK contends that the bonuses were discretionary and, therefore, not subject to inclusion in regular-rate calculations.  Finally, REDBACK contends that it had a good faith basis for classifying plaintiffs as exempt and this precludes an award of liquidated damages.  Concluding that success on every issue was unlikely, in order to reach a settlement, the plaintiffs reduced their damages calculation, taking into account REDBACK's position.  They reduced their claim for attorneys' fees in a similar fashion.

The Court accepts the parties' representations and finds that the agreed attorneys' fees are reasonable.  After independently reviewing the terms of the agreement, the Court

finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute.  Consequently, the Court will approve the settlement agreement.

Also, in its previous order, the Court directed the parties to submit for in camera inspection an unredacted copy of the settlement agreement.  Having reviewed the settlement agreement, the Court is satisfied that the redacted information does not relate to the parties' FLSA claims.  Consequently, the motion for leave to file a redacted version of the agreement on the public record will be granted.

For the reasons set forth above, the motion to approve the settlement agreement (Doc. 25) is granted.  This case is dismissed with prejudice.  The motion for leave to file a redacted version of the settlement agreement on the public record (Doc. 26) is granted.  The Clerk shall file the unredacted version under seal.

                /s/ Terence P. Kemp
                United States Magistrate Judge